UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-322 (KMM/DJF)

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

HUNTER JAMES GEIDL,

      Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, Hunter James Geidl, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.   **Charges**. The defendant agrees to plead guilty to Count 1 of the Indictment, which charge the defendant with Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (e). The defendant fully understands the nature and elements of the crimes with which he has been charged.

Upon imposition of sentence, the Government agrees to move to dismiss the remaining charges against the defendant contained in the Indictment.

1

2. **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

<u>Overview</u>. Starting at least as early as 2021 and lasting into 2024, the defendant engaged in a pattern of soliciting girls online, that he knew were minors, to create sexually explicit images/videos of themselves in exchange for payment. The images/videos depicted sexually explicit conduct such as: lascivious exhibition of minors' genitals, minors engaged in masturbation and simulated sexual intercourse, and minors engaged in actual sexual intercourse with their boyfriends. In some instances, the defendant directed the minors to create sexually explicit videos in public restrooms, or to write words on their naked bodies, such as his name or words like "Slut" and "Whore." The defendant solicited the minors to create and send these images using social media applications such as Snapchat, TikTok, and Instagram. The defendant then paid the minors using applications such as PayPal and CashApp, or using prepaid Visa gift cards. The defendant engaged in this conduct with over a dozen different minor girls (including Minors 1, 2, 3, and 4, identified in the indictment), who were, as the defendant knew, as young as 13 years old at the time.

Count 1 / Minor 1. From at least July 2021 through February 2024, the defendant solicited sexually explicit images from Minor 1, starting when she was 14 years old. The defendant was aware of Minor 1's age. At the defendant's direction and in exchange for payment, Minor 1 created and sent pictures and videos to the defendant that depicted herself engaged in masturbation and simulated sexual intercourse, undressing in public restrooms, and having sexual intercourse with her minor boyfriend. The defendant also sent Minor 1 videos of him masturbating. The defendant offered Minor 1 up to $1,000 to meet in person and have sex, but Minor 1 never agreed to meet.

On or about August 3, 2022, the defendant knowingly employed, used, persuaded, induced, and enticed Minor 1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Specifically, at the defendant's direction, Minor 1 created a video approximately 1:44 minutes in duration, using her cellular phone, with the file name 1_5141283652419715895.mp4. In the video, Minor 1 displayed her genitals to the camera in a sexually explicit manner, and simulated sexual intercourse. Minor 1 then sent the video to the defendant using Snapchat. At the time, as the defendant knew, Minor 1 was 15 years old. The defendant agrees that this video constitutes child pornography; and that he persuaded, induced, and enticed Minor 1 to produce it for his own sexual gratification. The defendant

also agrees that the video was created using materials that have been transported in interstate commerce (a cell phone) and that the video itself was transmitted using a means of interstate commerce (Snapchat/internet).

Other Victims. The defendant agrees that he similarly solicited sexually explicit images of the following minors via social media, knowing they were minors, in exchange for payment. The defendant agrees that the Court may consider this information in determining the appropriate sentence under 18 U.S.C. § 3553(a):

- *Minor 2*: The defendant solicited sexually explicit videos of Minor 2 for approximately a year. For example, in July 2022, the defendant directed Minor 2 to create and send him a series of videos depicting a lascivious exhibition of her genitals and making sexually explicit comments. At the time, Minor 2 was 13 years old.
- *Minor 3*: The defendant solicited sexually explicit videos of Minor 3 in early 2024. In many cases, the defendant coordinated the creation of these videos with Minor 3's boyfriend (18 years old), and some showed Minor 3 and her boyfriend engaged in sex acts. At the time, Minor 3 was 16 years old.
- *Minor 4*: The defendant solicited sexually explicit videos of Minor 4 in at least June 2022. These videos showed Minor 4 posing naked in a sexually explicit manner and masturbating. In one of these

4

videos, at the defendant's direction, Minor 4 wrote the defendant's first name on her abdomen. At the time, Minor 4 was 15 years old.

- The defendant agrees he engaged in conduct similar to the above with at least a dozen additional minors.

The defendant agrees that in committing all the above conduct, he acted knowingly, intentionally, and with the understanding that his actions violated the law.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The

defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.  **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6.  **Sex Offender Registration.** The defendant understands that by pleading guilty, defendant will likely be required to register as a sex offender

upon release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, the defendant may be subject to federal, state, and/or tribal sex-offender registration requirements and that those requirements may apply throughout the defendant's life. *See* 18 U.S.C. § 2250, 34 U.S.C. § 20901, *et seq.*

7. **Statutory Penalties**. The defendant understands that Count 1 is felony offense that carries the following statutory penalties:

   a. **a mandatory minimum of 15 years in prison;**

   b. a maximum of 30 years in prison;

   c. a supervised release term of at least five years up to a maximum supervised release term of life;

   d. a maximum fine of $250,000;

   e. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

   f. potential special assessments of $5,000 to the Domestic Trafficking Victims' Fund, and up to $50,000 pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, as set forth in Paragraph 12.

8. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States

7

Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

- a. Base Offense Level. The parties agree that the base offense level for Count 1 is **32**. U.S.S.G. § 2G2.1(a).

- b. Specific Offense Characteristics. The parties agree to the application of the following specific-offense characteristics, which increase the base offense level as follows:

    (1) **2 levels** because the offense involved a minor who was at least 12 years old but less than 16 years old. U.S.S.G. § 2G2.1(b)(1)(A);

    (2) **2 levels** because the offense involves the commission of sexual contact. U.S.S.G. § 2G2.1(b)(2)(A); and

    (3) **2 levels** because the offense involved the use of a computer to induce a minor to engage in sexually explicit conduct. U.S.S.G. § 2G2.1(b)(6)(B).

    The parties agree that no other specific offense characteristics apply.

- c. Chapter 3 Adjustments. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

- d. Chapter 4 Adjustments. Because the defendant engaged in a pattern of activity involving prohibited sexual conduct, the parties agree that **5 levels** are added. U.S.S.G. § 4B1.5(b)(1).

- e. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional **1-level** reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion.

However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

f. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History **Category I**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence or other information which should affect his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

g. Guidelines Range. If the adjusted offense level is 40, and the criminal history category is I, the Sentencing Guidelines range is **292 to 365 months' imprisonment**. However, this range is **capped by the 360-month statutory maximum**.

**The defendant understands that Count 1 carries a mandatory minimum term of 15 years in prison.**

9

    h.    <u>Fine Range</u>. If the adjusted offense level is 40, the Sentencing Guidelines fine range is $50,000 to $250,000. U.S.S.G. § 5E1.2(c).

    i.    <u>Supervised Release</u>. The Sentencing Guidelines acknowledge the statutory requirement that a term of supervised release of no less than five years and up to a life term be imposed, and recommend a lifetime term of supervision for the offense of conviction. U.S.S.G. § 5D1.2; 18 U.S.C. § 3583(k).

9.    **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

10.    **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the

applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

12. **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

The defendant also understands that the court may impose a special assessment of $5,000 payable to the Domestic Trafficking Victims' Fund, pursuant to 18 U.S.C. § 3014, if the defendant is found not to be indigent. In addition, the court may impose a special assessment of up to $50,000 pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2559A(a)(1); imposition of this special assessment is guided by the

factors found in 18 U.S.C. §§ 3553(a) and 3572, including the defendant's ability to pay.

13. **Restitution.** There is no restitution request from the victims of the defendant's offense conduct.

14. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253:

   a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

   b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

   c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

The defendant agrees that the property subject to forfeiture includes but is not limited to the following items seized during the execution of search warrants on June 4, 2024:

   a. One Western Digital 120 GB Hard Drive Serial Number 171006A237B;

   b. One Toshiba 2 TB Hard Drive Serial Number 171QMDOLCS;

   c. One Microcenter Desktop Computer Serial Number A5021122131244;

   d. One HP Laptop Serial Number CND6412PIP;

12

   e. One Samsung A256U Android Smartphone Device ID 94c759952666a22a;

   f. One Samsung Galaxy S9 SM-G960U IMEI 356417093630404; and,

   g. One Samsung Galaxy S4 SGH-M919, serial number RV8DC019NJR.

The defendant agrees that these items are subject to forfeiture because they were used to commit the offenses of possessing, producing, and/or distributing child pornography. The United States reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest the defendant may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds. To the extent the defendant has sought remission or otherwise challenged the forfeiture of the above-described property, the defendant withdraws any such challenges.

15. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment **above 300 months' imprisonment.**

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. This collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment **below 240 months' imprisonment**.

16. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the

defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

|  |  |
|---|---|
|  | LISA D. KIRKPATRICK<br>Acting United States Attorney |
| Date: 6/9/25 | BY: _____<br>Ruth Shnider<br>Assistant United States Attorney |
| Date: 6/9/25 | _____<br>Hunter James Geidl<br>Defendant |
| Date: 6/9/25 | _____<br>Aaron Roy<br>Counsel for Defendant |